UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-21993-GAYLES

**RAMON SOSA MONTERO**,

    Petitioner,

v.

**WARDEN GRANT HEUETT**,
*Federal Correctional Institution Miami*,

    Respondent.
_____/

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Ramon Sosa Montero's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1]. Petitioner, a federal prisoner, claims that the Bureau of Prisons ("BOP") has unlawfully collected restitution from him without a valid restitution order. The Court has considered the Petition, Respondent's Response to the Court's Order to Show Cause [ECF No. 9], Petitioner's Reply [ECF No. 13], and the record. For the following reasons, the Petition is **DISMISSED** for lack of jurisdiction.

**I.**    **BACKGROUND**

    A.  **Petitioner's Federal Criminal Proceedings**

In 1991, Petitioner was sentenced in the Western District of Pennsylvania to 25 years' imprisonment for various Racketeer Influenced and Corrupt Organizations ("RICO") and drug offenses. Resp't Ex. 3 [ECF No. 9-2 at 2–5]. Petitioner's sentence included a judgment of $429,000 in restitution. Pet.'s Ex. A [ECF No. 1-2 at 7]. Petitioner was released from prison in 2008 and began serving his term of supervised release in the Southern District of Florida. *See United States v. Sosa*, No. 08-tp-20166-PAS, ECF No. 1 (S.D. Fla. Dec. 12, 2008).

In 2009, Petitioner was arrested for violating his supervised release and charged in Case No. 09-cr-20960-CMA with conspiracy to possess with intent to distribute a controlled substance (Count 1) and attempting to possess with intent to distribute a controlled substance (Count 2). *See United States v. Garcia, et al.*, No. 09-cr-20960-CMA, ECF No. 23 (S.D. Fla. Nov. 17, 2009). A jury found Petitioner guilty of both counts and he was sentenced to 320 months' imprisonment. *See id.*, ECF No. 221; *see also* Resp't Ex. 5 [ECF No. 10-3]. Petitioner is currently serving that sentence at the Federal Correctional Institution Miami ("FCI Miami").[1]

B. **The Instant 28 U.S.C. § 2241 Petition**

On May 1, 2024, Petitioner filed the instant Petition, challenging the validity of his 1991 restitution judgment. He alleges that "over many years," the BOP has collected $22,073.43 from his prison financial account even though "there is no record of a Restitution Hearing nor is there an Order of Restitution." [ECF No. 1-1 at 2–4]. Petitioner further attests that even if there were a valid restitution order, the BOP has unlawfully continued taking funds from his account "past the 20-year limit as prescribed by law." [ECF No. 1 at 2]. He contends that the provision under which his restitution was ordered, 18 U.S.C. § 3613, "provides for an expiration date of twenty years from the date the sentence was imposed." [ECF No. 1-1 at 5].

Petitioner also claims that his original sentencing court, the Western District of Pennsylvania, has no record of his restitution payments. *Id.* at 4. He attaches a letter from the financial technician for the Western District of Pennsylvania stating that his $500 assessment was paid in full and that his criminal docket "did not mention anything about additional fines or restitution owed." Pet.'s Ex. H [ECF No. 1-2 at 32].

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (Search Reg. No. 02725-068) (last visited Aug. 15, 2024).

Petitioner contends that the BOP's collection of restitution "without proper authorization" violates due process. [ECF No. 1-1 at 4]. For relief, he requests that the BOP refund the money it collected from his account and that the Department of Justice investigate why payments he made between 2013 and 2020 were not received by the U.S. District Court for the Southern District of Florida. [ECF No. 1 at 7].

## II.     LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under the saving clause of 28 U.S.C. § 2255(e), a federal prisoner may bring a habeas petition under § 2241 if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). Therefore, a petition under § 2241 is the appropriate vehicle for a federal prisoner "to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." *McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall,* 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

## III.    DISCUSSION

The Government correctly asserts that this Court lacks jurisdiction over a § 2241 petition that challenges a restitution judgment. Federal courts have jurisdiction to entertain § 2241 petitions "only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis in original). In *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326 (11th Cir. 2010), the Eleventh Circuit held that a federal prisoner could not use § 2241 to challenge the

restitution portion of his sentence because "a successful challenge to the restitution part of his sentence would, in no way, provide relief for the physical confinement supplying the custody necessary for federal habeas jurisdiction." *Id*. at 1329. The Eleventh Circuit explained that when a federal prisoner seeks relief from a restitution order, "no significant connection exists between [the prisoner's] factual custody and the legal relief he seeks." *Id*. Accordingly, "habeas corpus cannot be used to challenge just the restitution part of a sentence when the custody supporting [the court's] jurisdiction is actual imprisonment." *Id*. at 1330.

Here, as in *Arnaiz*, no significant connection exists between Petitioner's physical custody at FCI Miami and the relief he seeks: a "[r]efund of all monies taken from [his] prisoner financial account" and an investigation into "why seven years of payments . . . have not been received by the U.S. District Court for [the] Southern [District of] Florida." [ECF No. 1 at 7]. Therefore, this Court lacks jurisdiction under § 2241 to grant Petitioner the relief he seeks.[2]

Even if the Court construes the Petition as a motion to vacate under 28 U.S.C. § 2255, Petitioner's claim still fails because § 2255, like § 2241, "cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence[.]" *Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) ("§ 2255 affords relief only to those prisoners who 'claim[ ] the right to be released' from custody" (quoting 28 U.S.C. § 2255(a))); *see also Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) ("claims seeking relief other than release from custody cannot be brought pursuant to § 2255.").

---

[2] The Eleventh Circuit has held that challenges to the *manner* in which the BOP is executing a valid restitution order, rather than the validity of the order itself, may be brought under § 2241. *See United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010). But Petitioner very clearly challenges the validity of the restitution order itself: he claims that "there is NO RESTITUTION ORDER in this case," and that even if there were, it has expired. [ECF No. 1-1 at 5] (emphasis in original). Therefore, Petitioner's claim is foreclosed by *Kinsey*. 393 F. App'x at 664 ("Kinsey did not contest the validity of the district court's order of restitution or underlying conviction in his motion. Indeed, were he to raise such a challenge under either § 2241 or § 2255, it would be foreclosed.").

In his Reply, Petitioner asserts that his claim is cognizable under the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663(a), the statute which authorizes his restitution. [ECF No. 13 at 2]. But that statute does not create an independent cause of action. *See* § 3664(p); *United States v. Young*, 249 F. App'x 793, 794 (11th Cir. 2007) (holding that neither the current nor former versions of the VWPA create an independent cause of action). To support his argument that this Court has authority under the VWPA to set aside his restitution obligation, Petitioner relies on *United States v. Jones*, No. 95-CR-20, 2023 WL 7178263 (S.D. Ohio Nov. 1, 2023), a case in which the district court ordered the government to stop collecting restitution from a defendant because the restitution judgment had expired under the VWPA. *Id*. at *2. But that case was before the court on the defendant's "motion to stop enforcement of restitution obligation" in his underlying criminal case. *Id*. at *1. Here, Petitioner is not seeking relief in his underlying criminal case; he has brought his challenge in a § 2241 petition, and binding Eleventh Circuit case law makes clear that he may not use this vehicle to challenge his restitution judgment. *See Arnaiz*, 594 F.3d at 1329; *Stewart v. Fed. Bureau of Prisons*, 378 F. App'x 872, 873 (11th Cir. 2010) ('we held [in *Arnaiz*] that an inmate cannot attack collaterally an order of restitution using section 2241").

Lastly, Petitioner appears to argue that he should be able to utilize § 2241 because he "spent more than a year slogging through the [BOP's] 'Administrative Remedy' process" before bringing his Petition. [ECF No. 13 at 1]. To the extent Petitioner's argument is that his claim is cognizable under § 2241 because the BOP provides an administrative remedy process for that claim, Petitioner is incorrect. Many types of claims, such as requests for home confinement or compassionate release or claims challenging an inmate's conditions of confinement, can be pursued through a BOP administrative remedy process but not through a § 2241 petition. *See Sills v. FCI Talladega*

*Warden*, No. 22-12656, 2023 WL 1775725, at *3 (11th Cir. Feb. 6, 2023) (home confinement cannot be sought under § 2241); *Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F. App'x 77, 79 (11th Cir. 2012) (compassionate release cannot be sought under § 2241); *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (§ 2241 cannot be used to challenge conditions of confinement). Accordingly, this Court lacks jurisdiction over the Petition.

## IV. CONCLUSION

For the foregoing reasons, it **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED**.[3] The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of August, 2024

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: **Ramon Sosa Montero**, *pro se*
02725-068
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

Counsel of record

---

[3] The Court need not issue a certificate of appealability ("COA") because "a federal prisoner who proceeds under § 2241 does not need a COA to [appeal]." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).